NOT DESIGNATED FOR PUBLICATION

No. 122,391

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADEN SHAE LUCAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Braden Shae Lucas appeals the district court's revocation of his probation and imposition of a reduced prison sentence. We granted Lucas' motion for summary disposition in lieu of the filing of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not file a response.

On appeal, Lucas contends the district court abused its discretion in revoking his probation after he stipulated to violating it by committing a new crime. Under the circumstances presented, we find the district court did not abuse its discretion by

1

revoking Lucas' probation and imposing a reduced prison sentence. We affirm the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Lucas pled guilty to unlawful distribution of a controlled substance, a severity level 2 drug felony, in September 2018. The district court sentenced Lucas to 123 months in prison and 36 months of postrelease supervision. The district court, however, granted Lucas a downward dispositional departure to 36 months of probation on that sentence.

In October 2019, the State alleged that Lucas violated his probation by committing new crimes, failing to report to community corrections, failing to make court payments, failing to obtain employment, failing to abstain from using drugs, and failing to comply with treatment and counseling programs. The State moved to revoke Lucas' probation. As part of a disposition agreement with the State, Lucas stipulated to the probation violations in exchange for the State recommending a reduced sentence of 96 months in prison.

In accordance with the parties' agreement, the district court revoked Lucas' probation and imposed a reduced prison sentence of 96 months. The district court cited K.S.A. 2019 Supp. 22-3716(c)(7) in its revocation order, noting that revocation was permitted without the imposition of prior intermediate sanctions because Lucas' original sentence was the result of a dispositional departure and because Lucas committed a new crime while on probation.

Lucas appeals.

ANALYSIS

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's admission to probation violations satisfies the first step. Here, Lucas admitted to violating the terms of his probation, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests with the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227. Judicial discretion is abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Lucas has the burden to show that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Significant to this appeal, Lucas' original sentence was a dispositional departure from a presumptive sentence of incarceration. A district court may revoke a defendant's probation if the defendant was granted a downward dispositional departure from presumptive incarceration to probation despite the fact that intermediate sanctions have not been previously imposed. K.S.A. 2019 Supp. 22-3716(c)(7)(B). Lucas also stipulated to committing a new crime, which provides a separate basis for the revocation without the prior imposition of intermediate sanctions. K.S.A. 2019 Supp. 22-3716(c)(7)(C). Both

reasons the district court gave for revoking Lucas' probation were in accordance with the governing statutory rules.

The only remaining question is whether the district court's decision was arbitrary, fanciful, or unreasonable. Given that Lucas voluntarily entered into an agreement with the State to amicably resolve the disposition of this matter and the district court faithfully adhered to Lucas' requested disposition in this case (which included a reduced prison sentence), we find no abuse of discretion.

Affirmed.